UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

BRAD CHRISTOPHER HULL,

    Petitioner,

v.

FRANCISCO J. QUINTANA, Warden,

    Respondent.

Civil Action No. 5:18-517-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Brad Christopher Hull is an inmate at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Hull recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny Hull's petition.

In 2006, a federal grand jury indicted Hull, charging him with conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. *See United States v. Brad Christopher Hull*, No. 6:06-cr-013-NKM-1 at R. 3 (W.D. Va. 2006). The Government then pointed out that, in October 1995, Hull was convicted in Virginia of possession of cocaine with the intent to distribute—a felony drug offense—and, thus, was subject to an enhanced, mandatory minimum sentence of 20 years in prison pursuant to § 841(b)(1)(A). *See id.* at R. 73. Hull eventually went to trial, and a jury found him guilty on the conspiracy charge. *See id.* at R. 107. The trial court then sentenced Hull to 292 months in prison, *see id.* at R. 158, though it later reduced his sentence to 240 months, the mandatory minimum sentence under § 841(b)(1)(A). *See id.* at R. 197. The United States Court of Appeals for the Fourth Circuit affirmed

the trial court's judgment, *see id.* at R. 181, and Hull's subsequent efforts to vacate his sentence were unsuccessful. *See id.* at R. 228.

Hull has now filed a § 2241 petition with this Court. Hull's petition and supporting memorandum is lengthy and at times difficult to understand. However, the crux of Hull's argument is that the trial court erred when it determined that his October 1995 cocaine-related conviction was a "felony drug offense" such that he was subject to a mandatory minimum sentence of 20 years in prison pursuant to § 841(b)(1)(A). To support his petition, Hull cites the Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), among other cases.

Hull's petition, however, constitutes an impermissible collateral attack on his sentence. While a federal prisoner may challenge the legality of his convictions or sentence through a direct appeal and a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Hull cannot use a § 2241 petition as a way of challenging his sentence.

Hull nevertheless argues that he can attack his sentence in a § 2241 petition. It is true that, in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, in doing so, the court expressly limited its decision to the following, very narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply here because, among other things, Hull has not identified a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that his October 1995 cocaine-related conviction is not actually a "felony drug offense" for purposes of the § 841(b)(1)(A) enhancement. While Hull has cited *Descamps* and *Mathis*, those cases discuss the approach courts should use to determine whether a prior conviction constitutes a violent felony for purposes of the Armed Career Criminal Act. Here, the trial court enhanced Hull's sentence pursuant to § 841(b)(1)(A), an entirely different statute with much broader language. In short, as the Sixth Circuit has clearly stated, "*Descamps* and *Mathis* . . . are inapplicable to sentences enhanced under § 841(b)(1)(A)." *Smith v. Ormond*, No. 18-5101 (6th Cir. July 30, 2018). Thus, Hull's reliance on these cases is unavailing.

Finally, Hull appears to argue that his predicate conviction was based on his possession of an "imitation controlled substance" rather than cocaine and, as a result, he did not actually commit a "felony drug offense" as that term is defined in 21 U.S.C. § 802(44). This argument, however, is not based on a subsequent, retroactive change in statutory interpretation by the Supreme Court, as required by the *Hill* framework. Therefore, it is simply not proper in a § 2241 petition.

In light of the foregoing analysis, it is hereby **ORDERED** as follows:

1. Hull's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3

3. A corresponding Judgment will be entered this date.

This 17th day of September, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY